UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYE MORGENTHALER,
    Plaintiff,                      Civil Action No 2:23-cv-12151
V                                         Hon. David M. Lawson
CHELSEA CITY COUNCIL,    Mag. Judge Kimberly Altman
JANE PACHECO,
MARIAH EVANS FINK,
PUBLIC SAFETY STRATEGIC PLANNING GROUP,
SOUTHEAST MICHIGAN CRIMINAL JUSTICE POLICY RESEARCH PROJECT
JOANNE LADIO,
TONY IANNELLI,
BILL RUDDOCK,
JAMES EYSTER,
ERIC WILKINSON,
KRISTIN VAN REESEMA,
JULIE HELBER,
MIKE KAPOLKA,
NICK ANGEL,
    Defendants.
_____/

GAYE MORGENTHALER            FINK & FINK PLLC
636 N. Main St.                         JAMES A. FINK (P40386)
Chelsea, MI 48118                  320 N. Main St. Ste 420
Plaintiff, pro per                   Ann Arbor, MI 48104
                                              734-994-1077
                                              james.fink@finkandfink.com
_____/

MOTION TO DISMISS WITH PREJUDICE UNDER FRCP 12b(6)

    Defendants, Chelsea City Council, Jane Pacheco, Mariah Evans Fink, Public

Safety Strategic Planning Group, Joanne Ladio, Tony Iannelli, Bill Ruddock, and

Kristin Van Reesema (the "Chelsea Defendants"), through their attorneys, Fink & Fink PLLC and James A. Fink, and for their Motion to Dismiss state:

1. Under Fed. R. Civ. P. 12(b)(6), Plaintiff has failed to state a claim for which relief can be stated.

2. Plaintiff has amended her complaint once and there is no additional amendment or discovery that will raise a cognizable claim based on Plaintiff's allegations.

3. Plaintiff has failed to state how any defendant has caused her any harm.

4. Plaintiff has not made a request for relief that can be granted by this Court.

WHEREFORE, based on the Pleadings in this case, the Federal Rules of Civil Procedure, case law and the accompanying Brief in Support, the Chelsea Defendants request that Plaintiff's Complaint and Amended Complaint be dismissed with prejudice.

Respectfully submitted,
FINK & FINK PLLC

/s/ *James A. Fink*
James A. Fink
Attorney for Chelsea Defendants

Date:  January 4, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GAYE MORGENTHALER, | |
|     Plaintiff, | Civil Action No 2:23-cv-12151 |
| V | Hon. David M. Lawson |
| CHELSEA CITY COUNCIL, | Mag. Judge Kimberly Altman |
| JANE PACHECO, | |
| MARIAH EVANS FINK, | |
| PUBLIC SAFETY STRATEGIC PLANNING GROUP, | |
| SOUTHEAST MICHIGAN CRIMINAL JUSTICE POLICY RESEARCH PROJECT | |
| JOANNE LADIO, | |
| TONY IANNELLI, | |
| BILL RUDDOCK, | |
| JAMES EYSTER, | |
| ERIC WILKINSON, | |
| KRISTIN VAN REESEMA, | |
| JULIE HELBER, | |
| MIKE KAPOLKA, | |
| NICK ANGEL, | |
|     Defendants. | |

_____/

| | |
|---|---|
| GAYE MORGENTHALER | FINK & FINK PLLC |
| 636 N. Main St. | JAMES A. FINK (P40386) |
| Chelsea, MI 48118 | 320 N. Main St. Ste 420 |
| Plaintiff, pro per | Ann Arbor, MI 48104 |
| | 734-994-1077 |
| | James.fink@finkandfink.com |

_____/

BRIEF IN SUPPORT OF CHELSEA DEFENDANTS' MOTION TO DISMISS

TABLE OF CONTENTS

RELIEF REQUESTED

INDEX OF AUTHORITIES

QUESTIONS PRESENTED

STATEMENT OF FACTS

ARGUMENT

     Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted Because She Has Failed To Plead Any Cause of Action and Has Failed to Request Any Relief That is Within the Authority of This Court.

CONCLUSION

RELIEF REQUESTED

The Chelsea Defendants (Chelsea City Council, Jane Pacheco, Mariah Evans Fink, Public Safety Strategic Planning Group, Joanne Ladio, Tony Iannelli, Bill Ruddock, and Kristin Van Reesema) request this court dismiss Plaintiff's (Amended) Complaint with prejudice because she has not stated a claim upon which relief can be granted and has not requested relief this court can grant.

INDEX OF AUTHORITIES

CASES

*Amadasu v. The Christ Hosp.*, 514 F.3d 504, 506 (6th Cir. 2008)

*Ashcroft v Iqbal*, 556 U.S. 662 (2009)

*Bell Atlanta Corp. v. Twombly*, 550 U.S. 544 (2007),

*Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)

COURT RULES

Fed. R. Civ. P. 8(a)(2)

Fed. R. Civ. P. 12(b)(6)

## QUESTIONS PRESENTED

Whether Plaintiff has stated a claim upon which relief can be granted where Plaintiff makes no specific allegations of a cause of action and does not request relief that is within the authority of the court.

Plaintiff answers "yes"

Defendant answers "no"

STATEMENT OF FACTS

Plaintiff, as she describes herself, is a "wife and the mother of a young child in the City of Chelsea." She is representing herself in this action. For her Amended Complaint she filed an eleven-page narrative detailing her displeasure with her local governments and neighbors. Her narrative runs from a "gang" taking over Chelsea, to claims of false assaults during protests in 2020. It is unclear if, or how Plaintiff has been harmed by any of the scenarios she presents.

Plaintiff has not alleged a single element of any cause of action, and her basis for jurisdiction in this Court is a laundry list of irrelevant criminal statutes.

ARGUMENT

Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted Because She Has Failed to Plead Any Cause of Action and Has Failed to Request Any Relief That is Within the Authority of This Court.

Plaintiff has failed to allege any cognizable cause of action against any Defendant. The closest that she comes is when she states that "a fake survey" is "clear and obvious fraud" leading to a "criminal deprivation of our rights under color of law". None of this makes any sense and dismissal of this Complaint is warranted.

A Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2), *Ashcroft v Iqbal* 556 US 662, 677 (2009) "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 US at 662. Plaintiff's Complaint is nothing more than "an unadorned, the-defendant-unlawfully-harmed me accusation" Id, at 678, which does not meet the pleading requirements of FRCP 8. In fact, Plaintiff doesn't claim that she has been harmed by any of the Defendants. There is no way to reasonably infer from Plaintiff's pleading, that any specific defendant is liable for misconduct, or that the alleged misconduct was directed at or even impacted Plaintiff.

Plaintiff's narrative includes hearsay, complaints about "illegals", hyperbole, and unsubstantiated statistics. There is not one single element of any cause of action alleged in her eleven-page diatribe, nor is Plaintiff's request for relief something that this Court can provide. Plaintiff has already amended her complaint once and, based on her alleged facts, it is unlikely that she can further amend to state any claim against these Defendants. It is also unlikely that any discovery would establish facts that would entitle Plaintiff to relief. Although Plaintiff references an "Exhibit A" on page 8 of her Amended Complaint, no Exhibit A was attached to the Amended Complaint.

This Motion is brought under Fed. R. Civ. P. 12(b)(6).  In considering this motion, the court "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief" *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 506 (6th Cir. 2008), (cleaned up).

In *Bell Atlanta Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true". Id. at 555.

Even if this Court were to interpret Plaintiff's grievances as "factual allegations", she has not alleged facts in support of her claims that would entitle her to relief under the "causes of action" listed in her Amended Complaint or under any other theory of liability.

## CONCLUSION

Plaintiff has failed to state a claim upon which relief can be granted. There is no reasonable likelihood that another amendment of her complaint, or any discovery conducted by either party, would cure this.

Plaintiff also has not requested any relief that this Court can provide. based on her narrative, there is no injunction that could address her dissatisfaction with local governments, and it's unclear with what authority the Court would appoint a magistrate to clean out the "corruption in Chelsea."

WHEREFORE, Defendants request that this Court dismiss Plaintiff's Complaint with prejudice and award costs to them for having to defend this frivolous action.

Respectfully submitted,
FINK & FINK PLLC

/s/ *James A. Fink*
James A. Fink
Attorney for Chelsea Defendants

Date:  January 4, 2024