UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Gaye Morgenthaler,

       Plaintiff,

                                                 Case No.: 23-cv-12151

v.

                                                 Hon. David M. Lawson

City Council of Chelsea, et al.,       Magistrate Judge Kimberly G. Altman

       Defendants.

---

| | |
|---|---|
| Gaye Morgenthaler, *Pro Se* <br> 636 N Main St <br> Chelsea, MI 48118 <br> 734-385-6114 | Brian M. Schwartz (P68018) <br> Miller, Canfield, Paddock and Stone, P.L.C. <br> *Attorneys for Defendant* <br> *Southeast Michigan Criminal Justice Policy Research Project "SMART"* <br> 150 West Jefferson, Suite 2500 <br> Detroit, MI 48226 <br> (313) 963 6420 <br> schwartzb@millercanfield.com |

---

**DEFENDANT SOUTHEAST MICHIGAN CRIMINAL JUSTICE POLICY RESEARCH PROJECT'S ("SMART") RESPONSE TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

## STATEMENT OF ISSUES PRESENTED

1. Should the Court deny Plaintiff's motion for a preliminary injunction to the extent it was intended to seek relief against SMART because the motion does not include any factual allegations against SMART that would justify preliminary injunctive relief?

    SMART asserts that the answer is "Yes."

2. Alternatively, should the Court deny Plaintiff's motion for a preliminary injunction because Plaintiff cannot establish the entitlement to preliminary injunctive relief?

    SMART asserts that the answer is "Yes."

3. Should the Court deny Plaintiff's *ad hoc* request for discovery because Plaintiff is not entitled to conduct discovery while SMART's sovereign immunity defense is pending and because Plaintiff fails to plead plausible claims for relief against SMART?

    SMART asserts that the answer is "Yes."

## I. Introduction

Plaintiff Gaye Morgenthaler, proceeding *pro se*, initiated her lawsuit by filing a deficient initial complaint, followed by an amended complaint. Her amended complaint, which attempts to assert allegations against more than a dozen defendants, is the subject of multiple motions to dismiss. (Dkt. Nos. 14, 20, 22). Plaintiff is also seeking leave to file a second amended complaint, which is opposed by all parties. (Dkt. Nos. 27, 28, 29, 30).

On March 21, 2024, Plaintiff filed a motion for a preliminary injunction. While it is unclear precisely what preliminary injunctive relief Plaintiff is seeking, she does not include any allegations against the Southeast Michigan Criminal Justice Policy Research Project ("SMART"), a criminal justice project based at Eastern Michigan University ("EMU"). And she does not seek any relief against SMART. Accordingly, to the extent Plaintiff's motion was intended to apply to SMART, it should be denied. The Court should also deny Plaintiff's *ad hoc* request for discovery, particularly since SMART's sovereign immunity defense remains pending.

## II. Background Facts

SMART incorporates by reference the background facts set forth in its motion to dismiss. (Dkt. No. 20, pp. 1-3, PageID.96-98).

### III. Argument

#### A. Standard of Review

In evaluating a motion for a preliminary injunction, the court considers four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). Plaintiff bears the burden of proof. *Livonia Prop. Holdings v. 12840-12976 Farmington Rd. Holdings,* 717 F. Supp. 2d 724, 731 (E.D. Mich. 2010), *aff'd*, 399 F. App'x 97 (6th Cir. 2010). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

"[T]he preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). "A preliminary injunction is reserved for only the most egregious case, and should not be extended to cases which are doubtful or do not come within well-established principles of law." *Bonnell v. Lorenzo*, 241 F.3d 800, 826 (6th Cir. 2001).

### B. Plaintiff Does Not Satisfy Her Burden of Proving an Entitlement to Preliminary Injunctive Relief

As set forth in SMART's motion to dismiss (Dkt. No. 20) and its response to Plaintiff's motion to amend (Dkt. No. 27), there are several fatal flaws with Plaintiff's claims both as currently pled and with her proposed amendments. These include that: (a) SMART is not a proper party; (b) sovereign immunity bars claims against EMU; and (c) that Plaintiff fails to plead plausible claims for relief against SMART (or EMU).

This Court should deny Plaintiff's motion based on her inability to survive the pleading stage, let alone establish a likelihood of success on the merits. Because there is "no likelihood of success on the merits," Plaintiff's motion fails at the outset. *Gonzales*, 225 F.3d at 625. As to the other preliminary injunction factors, while Plaintiff mentions the applicable standard, she does not set forth any facts that would justify the imposition of the "extraordinary remedy" of preliminary injunctive relief against any defendant, let alone against SMART. Accordingly, Plaintiff's motion should be denied.

### C. The Court Should Reject Plaintiff's Request for Discovery

At the end of her brief, Plaintiff requests an opportunity to conduct expedited discovery. Although Plaintiff appears to be seeking discovery related to the Chelsea Police Department only, this Court should reject any attempt by Plaintiff to subject SMART to discovery, particularly given the pending motion to dismiss based on

3

sovereign immunity grounds. *See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) ("While the issue [of immunity] is before the trial court or the case is on appeal, the trial court should stay discovery."); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 527 (6th Cir. 2002) ("[T]he district court was required to determine—prior to permitting further discovery—whether Skousen's complaint alleged the violation of a constitutional right at all, and if so, whether that right was clearly established at the time of the alleged violation.").

Sovereign immunity is "an immunity from suit," not merely immunity from ultimate liability. *Alden v. Maine*, 527 U.S. 796, 712 (1999) (noting "the States' immunity from suit is a fundamental aspect of the[ir] sovereignty"). Immunity thus provides "protection from the rigors of litigation itself, including the potential disruptiveness of discovery." *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004) *see also Everson v. Leis*, 556 F.3d 484, 491 (6th Cir. 2009) (finding that district court erred by "permit[ing] discovery to continue before first resolving the qualified-immunity question"). And "a claim of immunity raises an interest in an early, and inexpensive, termination of the litigation." *Kennedy v. Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986). Immunity should therefore be resolved "at the earliest possible stage in litigation," or else the "driving force behind the immunity—avoiding unwarranted

4

discovery and other litigation costs—will be defeated." *Everson*, 556 F.3d at 492. Allowing discovery to proceed before immunity defenses are resolved would effectively vitiates those defenses. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (value of immunity "is for the most part lost as litigation proceeds past motion practice"). Accordingly, the Court should reject Plaintiff's request for expedited discovery, particularly since no discovery would impact the arguments raised in SMART's motion to dismiss.

## IV. Conclusion

For the foregoing reasons, SMART requests that the Court deny Plaintiff's motion for a preliminary injunction.

Dated: March 28, 2024  Respectfully submitted,

/s/Brian M. Schwartz (P69018)
Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, MI  48226
(313) 963-6420
schwartzb@millercanfield.com
*Attorneys for Defendant*
*Southeast Michigan Criminal Justice Policy*
*Research Project "SMART"*

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF/CM system that which will send notification of such filing upon all ECF filing participants. I also caused the foregoing document to be send by First Class US Mail, postage fully pre-paid, upon:

>Gaye Morgenthaler, *Pro Se*
>636 N Main St
>Chelsea, MI 48118
>734-385-6114

>/s/Brian M. Schwartz (P69018)
>Miller, Canfield, Paddock and Stone, P.L.C.
>150 West Jefferson, Suite 2500
>Detroit, MI  48226
>(313) 963-6420
>schwartzb@millercanfield.com
>*Attorneys for Defendant*
>*Southeast Michigan Criminal Justice Policy*
>*Research Project "SMART"*